USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___1/23/2026____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

TRACY JOSEPH,

          Plaintiff,

    v.

ELI LILLY & COMPANY,

          Defendant.

Case No.: 1:25-cv-05421-AT

## PROTECTIVE ORDER

The parties have agreed to the following terms of confidentiality. The Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is hereby **ORDERED** that any person subject to this Order, including, without limitation, the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order, shall adhere to the following terms, upon pain of contempt:

1. "Discovery Materials" shall include transcripts of depositions upon oral examination and exhibits thereto; transcripts of depositions upon written questions and exhibits thereto; answers to interrogatories; documents, data, or other things produced by any party to any other, whether or not pursuant to a formal request; answers to requests for admission; documents or things produced by any non-party participating in this litigation to any of the parties, whether or not pursuant to a subpoena; all information contained in any of the foregoing; and all copies, excerpts, or summaries of any of the foregoing.

2.    Any person subject to this Order who receives from any other person any Discovery Material that is designated as "Confidential" or "Attorneys' Eyes Only" (as those terms are defined below) pursuant to the terms of this Order shall not disclose such Discovery Material to anyone else except as expressly permitted hereunder.

3.    A party may designate as Confidential:

    a.  information prohibited from disclosure by statute;

    b.  nonpublic commercial or financial information;

    c.  nonpublic business plans, product development information, or marketing plans;

    d.  personal identifying information of nonparties;

    e.  medical information concerning any individual;

    f.  confidential legal matters involving nonparties;

    g.  personnel, investigative, or employment records of any person who is not party to the case; and

    h.  any other category of information hereinafter given confidential status by the Court.

4.    A party may designate as Attorneys' Eyes Only any information or document (or portion of a document) that the producing party reasonably believes constitutes trade secrets and/or commercially sensitive business information that the party reasonably believes the unauthorized disclosure of which would result in competitive, commercial or financial harm to the producing party or its personnel, clients, or customers.

5.    With respect to the Confidential or Attorneys' Eyes Only portion of any Discovery Material other than deposition transcripts and exhibits, the producing party may designate such portion as "Confidential" or "Attorneys' Eyes Only" by stamping or otherwise clearly marking the protected portion in a manner that will not interfere with legibility or audibility, and by also

producing for future public use another copy of said Discovery Material with the confidential information redacted. For documents or materials produced in native material that contain Confidential or Attorneys' Eyes Only information, the producing party may include the confidentiality designation in the filename and/or on a slip sheet placeholder produced along with the native document.

6. With respect to deposition transcripts and exhibits, unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential until the fourteenth day after the transcript is delivered to any party or the witness (provided the other party(ies) have received notice of such delivery), and in no event later than 30 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are to be designated Confidential or Attorneys' Eyes Only, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential or Attorneys' Eyes Only, unless otherwise ordered by the Court.

7. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as Confidential or Attorneys' Eyes Only, they may so designate by apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential or Attorneys' Eyes Only under the terms of this Order.

8. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential or Attorneys' Eyes Only to any other person whomsoever, except to:

    a.   the parties to this action, but as to Lilly employees, only when reasonably necessary to the conduct of this litigation;

    b.   counsel for the parties (including in-house counsel) and employees of counsel who have responsibility for the action;

    c.   the Court and its personnel;

    d.   court reporters and recorders engaged for depositions;

    e.   contractors engaged for the limited purpose of making copies of documents or organizing and processing documents, including outside vendors hired to process electronically stored documents;

    f.   any witness during a deposition to whom disclosure is reasonably necessary during the deposition and, as reasonably necessary, in connection with review of the transcripts;

    g.   any person retained by a party to serve as a consultant, investigator, or expert witness or otherwise provide specialized advice to counsel in connection with this action;

    h.   the author or recipient of a document; and

    i.   other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

9.    Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. §164.512(e)(1), the parties and their attorneys are hereby authorized to receive, subpoena and transmit "Protected Health Information" pertaining to Plaintiff to the extent and subject to the conditions outlined herein:

a.  For the purposes of this order, Protected Health Information shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501 and shall include, but not be limited to, health information, including demographic information, relating to either (i) the past, present, or future physical or mental condition of an individual, (ii) the provision of care to an individual, or (iii) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

b.  All "covered entities" (as defined by 45 C.F.R. § 160.13) are hereby authorized to disclose Protected Health Information pertaining to Plaintiff to attorneys representing Plaintiff and/or Defendant in the above-captioned litigation.

c.  The parties and their counsel shall be permitted to use or disclose the Protected Health Information of Plaintiff for purposes of prosecuting or defending this action, including any appeals of this case, provided, however, that the parties abide by the requirements of any "Confidential" designation of such information, including but not limited to the requirements of Paragraph 10 of this Order.

d.  Prior to disclosing Plaintiff's Protected Health Information to persons involved in this litigation, counsel shall inform each such person that Plaintiff's Protected Health Information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving Plaintiff's Protected Health Information do not use or disclose such information for any purpose other than this litigation.

e.  Within 30 days after the conclusion of the litigation (including appeals), the parties, their attorneys, and any person or entity in possession of Protected Health

Information received from counsel shall return Plaintiff's Protected Health Information or destroy any and all copies of Protected Health Information pertaining to Plaintiff, except that counsel is not required to secure the return or destruction of Protected Health Information submitted to the Court.

f. This Order does not control or limit the use of Protected Health Information pertaining to Plaintiff that comes into the possession of the parties or their counsel from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

10. All Confidential or Attorneys' Eyes Only Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Discovery Material, shall be filed under seal and kept under seal until further order of the Court. The party filing papers under seal shall also publicly file a redacted copy of the same via the Court's Electronic Case Filing system in accordance with Section IV(A) of this Court's Individual Practices in Civil Cases.

11. A failure to designate Discovery Material as Confidential or Attorneys' Eyes Only does not, standing alone, waive the right to so designate the document. If a party designates Discovery Material as Confidential or Attorneys' Eyes Only after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of Discovery Material during a time when that material has not been designated Confidential or Attorneys' Eyes Only, even where the failure to so designate was inadvertent and where the material is subsequently designated.

12.     A party who either objects to a designation of confidentiality or requests further limits on disclosure must first notify opposing counsel in writing before filing a motion with the Court. In the event of disagreement, the parties must confer directly, and each party must explain the basis for its position. The conferral must occur within five (5) business days of the written notice, unless otherwise agreed by the parties or ordered by the Court.

13.     A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential under the terms of this Order.

14.     Each person who has access to Discovery Material that has been designated as Confidential or Attorneys' Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.  In the event of a disclosure of material designated as Confidential or Attorneys' Eyes Only to persons or entities not authorized by this Order to receive such material, the party making the unauthorized disclosure shall, upon learning of the disclosure: (i) immediately notify the person or entity to whom the disclosure was made that the disclosure contains Confidential or Attorneys' Eyes Only material subject to this Order;  (ii) immediately make reasonable efforts to recover the disclosed materials as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and (iii) immediately notify the other party of the identity of the person or entity to whom the disclosure was made, the

circumstances surrounding the disclosure, and the steps taken to recover the disclosed materials and ensure against further dissemination or use thereof.

15. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at any trial or hearing.

16. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

17. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential or Attorneys' Eyes Only by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

18. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Attorneys' Eyes Only," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED**

Dated: January 21, 2026

**VLADECK, RASKIN & CLARK, P.C.**

*/s/ Jeremiah Iadevaia*
Jeremiah Iadevaia
Emily Bass
111 Broadway, Suite 1505
New York, New York 10006
Tel: 212.403.7300
jiadevaia@vladeck.com
emiller@vladeck.com

*Attorneys for Plaintiff*

**MORGAN, LEWIS & BOCKIUS LLP**

*/s/ Jill S. Vorobiev*
Jill S. Vorobiev
Patrick R. Duffey
110 North Wacker Drive, Suite 2800
Chicago, Illinois 60606
Tel.: 312.324.1000
Fax: 312.324.1001
jill.vorobiev@morganlewis.com
patrick.duffey@morganlewis.com

Abigail V. Greene
101 Park Avenue, 37th Floor
New York, New York 10178
Tel.: 212.309.6000
Fax.: 212.309.6001
abigail.greene@morganlewis.com

*Attorneys for Defendant*

SO ORDERED.

Dated: January 23, 2026
      New York, New York

_____
ANALISA TORRES
United States District Judge

**APPENDIX A**

TRACY JOSEPH,

        Plaintiff,

      v.

ELI LILLY & COMPANY,

        Defendant.

Case No.: 1:25-cv-05421-AT

**<u>ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND</u>**

The undersigned hereby acknowledges that they have read the Protective Order (the "Order") in the above-captioned action and attached hereto, understand the terms thereof, and agree to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York in matters relating to the Order and understands that the terms of the Order obligate them to use materials designated as Confidential or Attorneys' Eyes Only in accordance with the Order solely for the purposes of the above-captioned action and not to disclose any such information to any other person or entity.

The undersigned acknowledges that violation of the Order may result in penalties for contempt of court.

Date: _____

_____
By: